UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAXOS, LLC, | CASE NO. C18-1287JLR |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE OR CONTINUE |
| v. | |
| AMERICAN FAMILY INSURANCE COMPANY, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Defendant American Family Insurance Company's ("AFI")

motion to strike Plaintiff Naxos, LLC's ("Naxos") supplemental disclosures or continue

the trial date.  (Mot. (Dkt. # 49); *see also* Reply (Dkt. # 54).)  Naxos filed a response.

(Resp. (Dkt. # 52).)  The court has considered the parties' submissions, the relevant

//

//

portions of the record, and the applicable law.  Being fully advised, the court DENIES

AFI's motion.[1]

## II.    BACKGROUND

**A.    The Sewage Spill and Naxos's Insurance Claim**

Naxos formerly owned and operated Spiro's Greek Restaurant in Kent,

Washington.  (Compl. (Dkt. # 1-2) ¶ 3.1.)  On August 5, 2015, "[o]ver 600 gallons of

black water sewage spewed from a ruptured sewer pipe" into Spiro's.  (*See id.*

¶¶ 3.1-3.4.)  Naxos claims that this incident caused significant damage to Spiro's and

ultimately forced Naxos to cease all business operations at the restaurant.  (*See id.*

¶¶ 3.5-3.7.)  After this sewage spill, Naxos notified its insurer, AFI, about the incident.

(*See id.* ¶ 3.8.)  Although AFI eventually began issuing payments to Naxos in response to

Naxos's insurance claim, Naxos alleges that AFI failed to adequately respond to Naxos's

claim and continues to improperly withhold amounts owed to Naxos.  (*See id.*

¶¶ 3.9-3.34.)

**B.    The Underlying Action**

Naxos filed its complaint in King County Superior Court on August 3, 2018.  (*See*

Compl. at 9.)  AFI removed Naxos's lawsuit to this court on August 30, 2018.  (*See* Not.

of Removal (Dkt. # 1).)  Naxos pleads causes of action for (1) breach of contract, (2)

insurance bad faith, (3) negligent claims handling, (4) violation of Washington's

Consumer Protection Act ("CPA"), and (5) violation of Washington's Insurance Fair

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court finds it unnecessary for the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Conduct Act ("IFCA"). (Compl. ¶¶ 4.1-8.5.) Naxos alleges that each cause of action arises out of AFI's handling of Naxos's claim to recover insurance proceeds as a result of the sewage spill at Spiro's. (*See id.* ¶¶ 3.2-3.34.) AFI counterclaims for (1) breach of contract, (2) misrepresentation and concealment, and (3) bad faith and violation of the CPA. (Answer (Dkt. # 15) at 13-14.)

**C.     Naxos's Damages Disclosures**

AFI's motion to strike centers on the timeliness and adequacy of Naxos's damages disclosures. (*See generally* Mot.) Naxos issued its initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on November 28, 2018. (*See* Muth Decl. (Dkt. # 50) ¶ 7, Ex. F ("Initial Disc.").) In those disclosures, Naxos claimed the following categories of damages:

- The cost of "experts, engineers and public adjusters";

- The cost of appraisal;

- The cost of physical damage to Spiro's;

- Lost profits;

- "[A]ll other out of pocket expenses suffered by Naxos";

- The "damages arising out of" AFI's breach of contract, CPA violation, IFCA violations, and bad faith under the policy; and

- Naxos's Fees and costs.

//

//

(*Id.* at 215.[2])  Naxos did not provide calculations or estimates of its damages in its initial

disclosures.  (*See id.*)  Naxos did, however, indicate that "[t]he total amount [of damages]

will be determined by an expert at a later date."  (*Id.*)

In accordance with the court's case schedule, Naxos disclosed its expert witnesses

on September 11, 2019.  (*See* Am. Sched. Order (Dkt. # 14) at 1 (setting September 11,

2019, deadline to disclose expert witnesses); Muth Decl. ¶ 4, Ex. C.)  Naxos disclosed

one damages expert, William Partin.  (Muth Decl., Ex. C at 41-89 ("Partin Rpt.").)

According to Mr. Partin's report, Naxos tasked him with "evaluati[ng] . . . claims for

economic damage asserted by Naxos, LLC" arising out of Naxos's insurance dispute with

AFI.  (*See id.* at 41.)  Mr. Partin concluded that Naxos suffered the following losses as a

result of the sewage spill and accompanying insurance dispute:

- "Loss of Business Income":  $604,484 (*see id.* at 43-44, 48);

- "Lost Operating Restaurant":  $250,000-$500,000 (*see id.* at 44-45);

- "Potential Lost Value of Future Profits":  $116,667-$666,667 (*see id.* at 45, 53);

- "Additional Expenses to Pursue Insurance Claim":  $125,873.67 (*see id.* at 45-46, 50); and

- "Avoidable [Actual Cash Value] Deductions":  $81,079 (*see id.* at 46, 52).

On October 4, 2019, Naxos supplemented its initial disclosures to include the

specific damages calculations from Mr. Partin's report and other details regarding its

---

[2] The court cites the page numbers supplied by its electronic docketing system.

damages claim.  (*See* Muth Decl. ¶ 5, Ex. D ("Supp. Disc.") at 183-185.)  Naxos's

calculation for its "Total Actual Damages" included the five loss categories identified by

Mr. Partin, as well as $201,920.76 in damages for "insurance benefits unreasonably

withheld," which Naxos disclosed was the difference between the amount awarded by an

insurance appraisal panel in an appraisal dispute that AFI participated in and the amount

of insurance proceeds paid by AFI to date.  (*See id.* at 184; Resp. at 2 n.2 (explaining the

difference between Mr. Partin's report and Naxos's supplemental initial disclosures).)

Naxos's supplemental disclosures included the following summary table:

| | |
|---|---|
| The amount of insurance benefits unreasonably withheld.  This amount is he Delta between that paid by AmFam on Naxos' claim prior to Appraisal and the amount awarded by the Appraisal Panel. | $201,920.76 |
| Amounts incurred by Naxos to investigate and support its claim in the Appraisal process proximately caused by AmFam's low-ball payments and offers forcing Naxos to seek Appraisal where it secured all amounts to which it was entitled.  Per Partin Report (to be supplemented to address open items). | $125, 873.67 |
| Lost Income.  Per Partin Report. | $606,484.00 |
| Lost Operating Restaurant.  Per Partin Report. | $250,000-500,000 |
| Avoidable reductions from Replacement Cost Value.  Per Partin Report. | $81,079 |
| Potential lost future profits | $116,667-$666,666. |
| **TOTAL ACTUAL DAMAGES PROXIMATELY CAUSED BY DEFENDANT'S ACTS OR OMISSIONS IN THE HANDLING OF THE NAXOS CLAIM – (with open items as set forth in the Partin Report)** | **$1,382.024.43-$2,182,023.43** |

(*See* Supp. Disc. at 184.)  Naxos also disclosed that it intended to seek treble damages

under IFCA as well as recovery of its fees and costs, which Naxos estimated would be in

excess of $1,200,000 if this case proceeds to trial.  (*See id.* at 185.)

Naxos served a second set of supplemental initial disclosures on October 8, 2019, but those disclosures did not alter the calculation of Naxos's alleged damages included in Naxos's October 4, 2019 disclosure. (*Compare* Supp. Disc. at 183-185 *with* Muth. Decl. ¶ 6, Ex. E ("2d Supp. Disc.") at 201-203; *see also* Resp. at 2 n.1.) On November 8, 2019—the day after AFI filed its motion—Naxos served a third set of supplemental initial disclosures that did amend the insurance claim costs portion of Naxos's damages calculation. (*Compare* Supp. Disc. at 183-185 (October 4, 2019, damages disclosures) *and* 2d Supp. Disc. at 201-203 (October 8, 2019, damages disclosures) *with* Supp. Muth Decl. (Dkt. # 55) ¶ 2, Ex. A ("3d Supp. Disc.") at 13-15 (November 8, 2019, damages disclosures).) However, Naxos withdrew the changes in the third set of supplemental disclosures its response to AFI's motion. (*See* Resp. at 4 n.3.) Thus, for purposes of Naxos's damages calculation, "the amounts listed in [Mr.] Partin's September 11 report" and the corresponding disclosures in the October 4, 2019, and October 8, 2019, supplemental initial disclosures are "the final amounts and calculations that will be presented at trial." (*See id.*)

**D.    Procedural History**

This case is set for trial on March 9, 2020. (*See* Am. Sched. Order at 1.) On July 17, 2019, Naxos filed a motion to continue the trial date that AFI opposed. (*See* MTC (Dkt. # 19); Resp. to MTC (Dkt. # 22).) Naxos argued that a 120-day continuance was warranted in this case because Naxos had recently hired new counsel and Naxos needed additional time to conduct discovery. (*See* MTC at 2-3.) AFI responded that Naxos had not "diligently attempted to adhere to the case schedule," insisted that "the parties can

reasonably comply with the current case schedule," and argued that AFI "would be prejudiced" by a 120-day continuance. (*See* MTC Resp. at 1.) The court denied Naxos's motion and informed the parties that "[r]epresentations . . . that a party needs more time to complete discovery do not establish good cause." (8/21/19 Order (Dkt. # 30) at 2.) Although the court denied Naxos's motion for a 120-day continuance of the trial date, the court granted two stipulated motions to extend the discovery deadline to allow the parties to complete depositions beyond the discovery deadline. (*See* 10/30/19 Order (Dkt. # 47); 11/8/19 Order (Dkt. # 51).)

AFI filed this Federal Rule of Civil Procedure 37 motion seeking to exclude Naxos's damages disclosures as untimely or continue the trial on November 7, 2019. (*See* Mot.; Am. Sched. Order at 1.) The deadline for the parties to file discovery motions was October 11, 2019, and the deadline to complete discovery was November 12, 2019. (*See* Am. Sched. Order at 1.) AFI did not file a motion for relief from the deadline for discovery motions (*see generally* Dkt.) or request a conference with the court prior to filing this motion (*see* Am. Sched. Order at 2).

### III.    ANALYSIS

AFI argues that the computation of damages included in Naxos's supplemental initial disclosures should be excluded because Naxos failed to timely disclose those calculations. (*See* Mot. at 1.) Alternatively, AFI requests a six-month continuance to "afford [AFI] . . . the opportunity to conduct further discovery." (*See id.* at 8.) In response, Naxos claims that the court should not consider AFI's motion to strike because it is untimely and filed in violation of the court's procedures for discovery motions. (*See*

Resp. at 1.) On the merits, Naxos argues that its supplemental initial disclosures were timely and that a continuance is not warranted under these circumstances. (*See id.* at 1-2.) The court first addresses the applicable standards before turning to the merits of AFI's motion.

**A.     Legal Standard**

Federal Rule of Civil Procedure 26(a)(1)(A) provides in relevant part that a party must "provide to the other parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection or copying as under Rule 34 the documents or other evidentiary material, . . . on which each computation is based . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). In addition, Rule 26(e)(1)(A) requires that

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) and *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). Specifically, Rule 37(c)(1) provides:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[3]

Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *R & R Sails*, 673 F.3d at 1246 (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

//

//

---

[3] The remedies provided in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi) include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part; [or]

(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

## B. Procedural Disputes

The court declines to strike AFI's motion as untimely or procedurally improper. The court's scheduling order requires the parties to file "[a]ll motions related to discovery" by October 11, 2019. (Am. Sched. Order at 1.) Moreover, the scheduling order specifically "direct[s] that before moving for an order relating to discovery, the movant must request a conference with the court." (*Id.* at 2 (citing Fed. R. Civ. P. 16(b)(3)(B)(v)).) AFI's motion to strike was not filed until November 7, 2019 (*see generally* Mot.), and AFI did not confer with the court prior to filing its motion. Thus, if AFI's motion constitutes a "motion related to discovery," then it is untimely under the scheduling order and procedurally improper because AFI failed to confer with the court before filing its motion.

When confronted with a local rule that included language similar to that included in the court's scheduling order regarding "motions related to discovery," the Ninth Circuit concluded that a motion filed under Rule 37(c)(1) is "a motion relating to sanctions," not "a 'motion relating to discovery pursuant to [Rules] 26-37.'" *Hoffman*, 541 F.3d at 1179 (quoting U.S. Dist. Ct. Rules C.D. Cal., Local Rule 37-1). Thus, the court concludes that AFI's motion is a motion for sanctions, not a "motion[] related to discovery" subject to the requirements of the court's scheduling order. (*See* Am. Sched. Order.) AFI fails to explain why it waited until November 7, 2019, to file this motion even though it had all the information that it needed to file this motion as early as September 11, 2019, when Naxos served Mr. Partin's report (*see* Partin Rpt.), and no later than October 4, 2019, when Naxos served its supplemental disclosures (*see* Supp.

Disc.). Regardless, in accordance with the Ninth Circuit's conclusion in *Hoffman*, 541

F.3d at 1179, AFI's motion is not untimely and AFI was not obligated to request a

conference with the court before filing the motion.

**C.    Merits of AFI's Motion**

Although the court finds that AFI's motion is not procedurally improper, the court

concludes that AFI's motion fails to identify any sanctionable conduct.  Naxos's

disclosures were not untimely or improper under Rule 26.  AFI had "the final [damages]

amounts and calculations that will be presented at trial" by September 11, 2019, when

Naxos served Mr. Partin's report.  (*See* Resp. at 4 n.3; Am. Sched. Order 1.)  That timely

expert disclosure placed AFI on notice of the "computation of each category of damages

claimed by" Naxos under Rule 26(a)(1)(A)(iii) and the documents that Naxos relied on to

make those calculations two months before the close of discovery and six months before

trial.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); (Am. Sched. Order at 1).  Moreover, although

Mr. Partin's expert report likely satisfied Naxos's disclosure obligations and Rule 26(e)

only requires a party to supplement disclosures with "additional or corrective information

[that] has not otherwise been made known to the other parties," *see* Fed. R. Civ. P.

26(e)(1)(A), Naxos supplemented its initial disclosures on October 4, 2019, and

confirmed that Mr. Partin's calculations were final.[4]  (*See* Supp. Disc. at 183-185; Am.

---

[4] The only differences between the first and second set of supplemental disclosures and
Mr. Partin's report were the addition of "insurance benefits unreasonably withheld" and notice
that Naxos intended to seek treble damages under IFCA.  (*Compare* Supp. Disc. at 183-185 *and*
2d Supp. Disc. at 201-203 *with* Partin Rpt. at 43-52.)  But both of those additions should have
been well known to AFI long before the time Naxos supplemented its disclosures.  *See* Fed. R.
Civ. P. 26(e)(1)(A) (noting that there is no duty to supplement with information that has

Sched. Order at 1.)  Even this supplemental disclosure was served more than a month

before the close of discovery and five months before trial.  (*See* Supp. Disc. at 183-185;

Am. Sched. Order at 1.)

Rule 26 disclosures and an expert report that comport with the court's case

schedule are not untimely or improper.  *Cf. MKB Constructors v. Am. Zurich Ins. Co.*,

No. C13-0611JLR, 2014 WL 4848229, at *2-9 (W.D. Wash. Sept. 29, 2014) (excluding

supplemental damages computation where party revised its computation "more than three

weeks following the close of discovery, and just five days before the deadline for

dispositive motions").  AFI claims that Naxos's damages computation should be

excluded because Naxos ignored its duty to diligently obtain damages discovery "for the

bulk of the discovery period" (*see* Mot. at 7), but AFI does not point to any authority

suggesting that Naxos was obligated to do more than the court's case schedule required.

Thus, because Naxos's disclosures were not improper or untimely under Rule 26, the

court DENIES AFI's motion.

Because AFI has failed to identify "any information required to be disclosed by

Rule 26(a) that [wa]s not properly disclosed," the court need not consider whether Naxos

carried its burden to show that its failure to disclose was harmless or justified.  *See R & R

Sails, Inc.*, 673 F.3d at 1246.  The court notes, however, that even if Naxos's disclosures

---

"otherwise been made known" to the opposing party).  First, Naxos's complaint provides notice
that Naxos intended to seek enhanced damages under IFCA.  (Compl. at 9, ¶ 6.)  Second, the
claim for "insurance benefits unreasonably withheld" merely represents the difference between
the amount awarded by an insurance appraisal panel in an appraisal dispute that AFI and Naxos
participated in and the amount of insurance proceeds paid by AFI to date.  (*See* Resp. at 2 n.2.)

1    were somehow improper under Rule 26, the court would find that any such failure was

2    harmless given the amount of time that AFI had to seek appropriate discovery and

3    prepare for trial.  AFI had more than two months to conduct damages discovery once Mr.

4    Partin disclosed his report.  (*See* Am. Sched. Order at 1.)  Although AFI claims that the

5    timing of Naxos's disclosures made it "impossible for [AFI] to properly investigate

6    [Naxos's] damages" (*see* Mot. at 5-6), that argument is not credible.  After Naxos served

7    Mr. Partin's report and the first and second supplemental disclosures, AFI did not request

8    to depose Mr. Partin, issue written discovery, or seek a reasonable extension to the

9    discovery deadline for damages discovery.[5]  (*See* Resp. at 5.)  AFI cannot credibly claim

10   that Naxos made it "impossible" to complete damages discovery when AFI made no

11   effort to conduct any such discovery despite having two months to do so.

**D.      AFI's Motion for a Continuance**

13            In the alternative to striking Naxos's disclosures, AFI seeks a trial continuance.

14   (*See* Mot. at 8-11.)  In light of AFI's prior assurances that Naxos's July 17, 2019, request

15   for a continuance should be denied because "the parties can reasonably comply with the

16   current case schedule" (*see* MTC Resp. at 1), AFI's request for a continuance is not

17   well-taken.  Rule 16(b) dictates that the court's scheduling order may be altered if a party

18   shows good cause.  *See* Fed. R. Civ. P. 16(b)(4); (Am. Sched. Order at 2 ("The court will

19   alter these dates only upon good cause shown . . . .").)  Because the court concludes that

---

[5] The court granted two stipulated motions to extend the deadline for discovery to complete specific depositions (*see* 10/30/19 Order; 11/8/19 Order), but AFI did not move for a similar extension to conduct damages depositions (*see generally* Dkt.).

Naxos's disclosures were adequate under Rule 26, those disclosures do not create good cause for a continuance. Moreover, as discussed above, the prejudice that AFI claims as a result of Naxos's disclosures is self-inflicted—AFI appears to have conducted little discovery in this case either before or after Naxos's supplemental disclosures. (*See* Resp. at 5 (noting that AFI did not issue any written discovery in this case or attempt to depose Naxos's damages expert).) The court has already warned the parties that "[r]epresentations . . . that a party needs more time to complete discovery do not establish good cause" to merit a trial continuance. (8/21/19 Order at 2.) That warning is particularly pertinent to AFI's request for a continuance given that the record before the court shows that AFI ignored discovery for the better part of a year before seeking scheduling relief.

Ultimately, the court finds that AFI has not identified good cause to continue the trial date in this case. As such, the court DENIES AFI's alternative request for a continuance.

## IV.    CONCLUSION

For the reasons set forth above, AFI's motion to strike or continue (Dkt. # 49) is DENIED.

Dated this 9th day of January, 2020.

JAMES L. ROBART
United States District Judge