UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAXOS, LLC,<br><br>                          Plaintiff,<br><br>      v.<br><br>AMERICAN FAMILY<br>INSURANCE COMPANY,<br><br>                          Defendant. | CASE NO. C18-1287JLR<br><br>ORDER FOR ADDITIONAL BRIEFING |

Plaintiff Naxos, LLC ("Naxos") filed its motions in limine (Naxos MIL (Dkt. # 80)) on January 27, 2020. Naxos's fourth motion in limine seeks to exclude "evidence, testimony, or argument regarding [the] prior criminal convictions of William Loukas and John Loukas" under Federal Rules of Evidence 404 and 609. (*See id.* at 15-17.) In response, Defendant American Family Insurance Company ("AFI") states that William Loukas "has been convicted of 10 felonies and 62 misdemeanors" and that John Loukas "also has a prior criminal record which is of significance to the present matter." (*See* AFI

ORDER - 1

Resp. (Dkt. # 86) at 12.) According to AFI, William Loukas's felonies occurred during various years between 1981 and 2009. (*See id.*) AFI does not provide dates for John Loukas's prior convictions. (*See id.*)

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Additionally, a witness's character for truthfulness may be attacked by evidence of a criminal conviction if (1) the crime was punishable by imprisonment for more than a year and the witness is not a defendant, Fed. R. Evid. 609(a)(1)(A), or (2) "the crime required proving—or the witness's admitting—a dishonest or false statement," Fed. R. Evid. 609(a)(2). However, these two rules are limited by Rule 609(b), which states that "if more than 10 years have passed since the witness's conviction or release from confinement," evidence of the conviction is only admissible if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect"; and "(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(1)-(2).

Here, the parties provide insufficient information for the court to properly apply the standards set forth in Rules 404 and 609. First, AFI associates specific years with William Loukas's felonies but does not provide full dates and does not specify whether

the years refer to William Loukas's convictions or his release dates. (*See* AFI Resp. at 12.) Second, AFI argues under Rule 404 and Rule 609, but requests that certain of William Loukas's convictions "be deemed as admissible evidence" without specifying the purpose or purposes for which AFI intends to introduce William Loukas's prior convictions at trial. (*See id.* at 15.) Third, AFI does not describe "specific facts and circumstances" relating to the prior convictions it intends to introduce at trial sufficient for the court to apply Rule 609(b)(1)'s requirement that the crimes older than 10 years must have "probative value, supported by specific facts and circumstances, [that] substantially outweighs [their] prejudicial effect." *See* Fed. R. Evid. 609(b)(1). The court similarly lacks necessary information regarding John Loukas's prior convictions, and in particular has concerns regarding AFI's purpose in intending to offer evidence relating to John Loukas's "pending immigration matter" without additional information about the relevance of that matter. (*See id.* at 13.)

For the above reasons, the court ORDERS AFI to submit additional briefing that includes a chart or table that consists of the following information:

1. Each specific prior conviction AFI intends to introduce at trial, including the statute or statutes under which William or John Loukas was convicted;
2. For each conviction, the date of the conviction and the date of release from confinement;

//

//

//

3. For each conviction, each specific purpose[1] for which AFI intends to offer the conviction; and

4. For each conviction, specific facts and circumstances that will assist the court in weighing the conviction's probative value against its prejudicial effect.

Additionally, AFI should state whether it intends to introduce evidence relating to John Loukas's pending immigration matter or any other ongoing criminal proceedings and provide argument as to that evidence's admissibility with specific citations to the Federal Rules of Evidence and controlling case authority.

AFI's additional briefing shall not exceed 10 pages and shall be filed by Wednesday, March 4, 2020, at **11:00 a.m. Seattle time**. Naxos may file a response not to exceed 10 pages by Thursday, March 5, 2020, at **11:59 p.m. Seattle time**.

Dated this 2nd day of March, 2020.

JAMES L. ROBART
United States District Judge

---

[1] Without speaking to the merits of Naxos's fourth motion in limine, the court refers the parties to the purposes for offering evidence listed in Rules 404 and 609. *See* Fed. R. Evid. 404(b)(1); Fed. R. Evid. 609(a).